Howebii, J.
In 1860, R. Patterson & Co., appellants, being the holders of a written obligation for a portion of the price of certain slaves, secured by mortgage, instituted thereon á hypothecary action against the third •possessor, obtained judgment recognizing a mortgage on the said slaves, and caused one of them to be seized. Theplaintiff, as administrator of the debtor, enjoined the sale on grounds which it is unnecessary to notice. In 1865,' the appellants answered the petition of injunction, claiming the 'usual damages, and the value of the slave as special damages on the ground that, but for the injunction, (which issued illegally,) they would have realized their claim. Upon trial the injunction was dissolved, without damages.
According to the doctrine settled in the case of Wainwright v. Bridges, 19 A. 231, and reaffirmed in several subsequent cases, the obligation in the suit enjoined cannot be enforced, and there being no such property to fee sold, it would be useless to perpetuate the injunction. On the other hand, we cannot condemn the plaintiff to pay damages for arresting the execution of an obligation which cannot be enforced. We conclude therefore, that' the demand of the appellants for damages cannot be allowed, nbr the prayer of the plaintiff to perpetuate the injunction be granted, We must dispose of this appeal as we did in the case of Henderson v. Montgomery, 18 A. 211, in which a similar question arose.
It is therefore ordered that the appeal herein be dismissed; with costs.